**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LORRI PORTLAND PAGE,

           Plaintiff,

v.                                        Case No:   6:21-cv-258-LHP

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant

_____

**MEMORANDUM OF DECISION**[1]

Lorri Portland Page ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Doc. No. 1.   Claimant raises five arguments challenging the Commissioner's final decision, and based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.   Doc. No. 38, at 26, 40, 46, 60, 64, 71.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that the final decision of the

_____

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 22, 29–30.

Commissioner should be affirmed.  *Id.* at 71.  For the reasons stated herein, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   PROCEDURAL HISTORY.

This case has a lengthy and complex procedural history.   On March 15, 2012, Claimant filed an application for SSI, and on February 1, 2013, Claimant filed an application for DIB.   R. 61, 226–38, 1140. [2]   In both applications, Claimant alleged a disability onset date of January 21, 2012.   R. 61, 226–38, 247–48, 1140.   Those applications were denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.   R. 61–94, 97–128, 134–79.   A hearing was held before ALJ Thomas Merrill on November 19, 2014, after which ALJ Merrill issued an unfavorable decision on January 29, 2015 finding that Claimant was not disabled. R. 39–60, 24–34.   On February 23, 2016, the Appeals Council denied Claimant's request for review, and Claimant filed an appeal in the United States District Court for the District of Vermont on April 21, 2016, challenging the denial of her SSI and DIB applications.   R. 1–9, 856–58, 1208.   *See Page v. Comm'r of Soc. Sec.*, No. 1:16-cv-111-jgm (D. Vt.).

---

[2]  The record is inconsistent as to the dates Claimant filed her initial applications for DIB and SSI.   *See, e.g.*, R. 61, 226–38, 1140, 1208.   But, given that the application dates are not dispositive of this appeal, nor disputed by the parties, the Court utilizes the dates provided by the ALJ in the decision under review.   *See* R. 1140 (stating that Claimant filed the DIB application on February 1, 2013 and the SSI application on March 15, 2012).

In the interim, on March 28, 2016, Claimant filed a new application for SSI benefits.   R. 865, 973, 999.   Pursuant to that application, Claimant was found disabled as of March 28, 2016.   *See* R. 973, 1141, 1208.

On December 20, 2016, the United States District Court for the District of Vermont issued an Order granting the Commissioner's motion to reverse and remand the January 29, 2015 unfavorable decision.   R. 856–58, 1208.   The court stated that, on remand, "the Appeals Council will remand this case to a different [ALJ] for further proceedings, including identifying all [Claimant's] severe impairments . . ., engaging in analysis of the medical opinions from all sources . . ., reassessing [Claimant's] residual functional capacity and credibility, and taking any further action necessary to complete the administrative record an issue a new decision."   R. 857–58.   Based on the district court's order, the Appeals Council remanded the case to an ALJ to address the following issues:

- Give further consideration to the treating and nontreating source opinion pursuant to the provisions of 20 CFR 404.1527 and 416.927, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating and nontreating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairments (20 CFR 404.1512 and 416.912).   The Administrative Law Judge may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources.

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with

specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Ruling 85-16 and 96-8p).

- If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-12, 83-14 and 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

- The claimant filed a subsequent claim for Title XVI benefits on March 28, 2016. The State agency found the claimant disabled as of March 28, 2016. The Appeals Council neither affirms nor reopens the determination, which continues to be binding. This means that the determination will be subject to reopening and revision if additional development indicates that the conditions for reopening are met (20 CFR 416.1487). Unless the determination is reopened and revised in accordance with applicable regulations, the period before the Administrative Law Judge will be limited to that period prior to March 28, 2016.

R. 859–64.

On remand, Claimant appeared at a second hearing before ALJ Paul G. Martin on October 18, 2017. R. 779–819. On December 19, 2017, ALJ Martin issued an unfavorable decision, in which he also reopened and revised the interim approved claim for SSI benefits, finding that Claimant was not disabled from

January 21, 2012 through the date of the decision.   R. 756–71.   ALJ Martin's decision became the final decision of the Commissioner on February 23, 2018.   R. 753–55.[3]

Claimant appealed the December 19, 2017 decision to the United States District Court for the District of Vermont.   R. 1204–18.   *See Page v. Comm'r of Soc. Sec.*, No. 2:18-cv-38-cr (D. Vt.).   On March 6, 2020, the district court issued an order vacating the December 19, 2017 decision and remanding the case for further administrative proceedings.   R. 1207–18.   In that order, the court found that "[t]he parties [did] not dispute that [Dr. Gary A. Clay, M.D. was] one of Plaintiff's treating physicians."   R. 1214.   The court further found that the ALJ failed to provide good cause reasons for rejecting an opinion from Dr. Clay; the ALJ's finding that Dr. Clay's opinion was insufficient to trigger the treating physician rule was not supported by the record; and the ALJ relied exclusively on non-examining physician opinions to reject Dr. Clay's opinion.   R. 1216–17.   The court further noted that Dr. Clay's opinion was consistent with other medical opinions of record.   R. 1217.   Thus, the court found remand warranted, because a reconsideration of

---

[3] *See also* 20 C.F.R. § 404.984(a) ("[W]hen a case is remanded by a Federal court for further consideration and the Appeals Council remands the case to an administrative law judge, or an administrative appeals judge issues a decision pursuant to § 404.983(c), the decision of the administrative law judge or administrative appeals judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case.").

Dr. Clay's opinion might affect the weight accorded to several other medical opinions of record, Claimant's testimony and function reports, and the ALJ's RFC determination.   R. 1218.   Accordingly, the court remanded the case "for further proceedings consistent with this Opinion and Order."   *Id.*   On May 15, 2020, the Appeals Council issued an order remanding the case to an ALJ for proceedings consistent with the order of the district court.   R. 1219–22.

After remand, Claimant appeared at a third hearing before a different ALJ, Matthew G. Levin, on October 1, 2020.   R. 1187–1203.   On October 21, 2020, ALJ Levin issued an unfavorable decision finding, with respect to the claim for SSI filed on March 15, 2012 and the application for DIB filed on February 1, 2013, that Claimant was not disabled.   R. 1140–58.   But ALJ Levin determined that the intervening successful application for SSI filed March 28, 2016 finding Claimant disabled as of that date was not subject to reopening, and Claimant was therefore disabled as of March 28, 2016 for purposes of SSI, and remained disabled through October 21, 2020, the date of the decision.   *Id.*   ALJ Levin's decision became the final decision of the Commissioner.   *See* R. 1137–39.   *See also* 20 C.F.R. § 404.984(a). This timely appeal follows.   Doc. No. 1.[4]

---

[4] Although Claimant has filed previous appeals in the District of Vermont, it appears that the Middle District of Florida, Orlando Division, is the proper venue for the instant appeal, given that Claimant's complaint alleges that she is a resident of Volusia County, Florida.   *See* Doc. No. 1 ¶ 3.   *See also* 42 U.S.C. § 405(g) (emphasis added) ("Any individual, after any final decision of the Commissioner of Social Security made after a

## II.     THE ALJ'S DECISION.[5]

In the October 21, 2020 decision under review, which followed a remand order from the United States District Court for the District of Vermont, the ALJ[6] noted as follows:

> Pursuant to the District Court remand order, Appeals Council has directed the undersigned to offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision.  The District Court remand order more specifically requires a redetermination of whether to afford Dr. Clay's opinion controlling weight, as well as a reconsideration of the weight accorded to the opinions of NP Shillingford, Dr. Emerson, Dr. Lilly, and Dr. Swartz.  The District Court also indicated this would require reconsideration of the claimant's testimony and function reports.

---

hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  *Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides*, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.").   The parties do not argue otherwise.  *See* Doc. No. 38.  *See also Peters v. Comm'r of Soc. Sec.*, No. 6:19-cv-304-Orl-EJK, 2020 WL 6119398, at *4 (M.D. Fla. Oct. 16, 2020) (considering appeal where the case had previously been remanded by the United States District Court for the Eastern District of Pennsylvania).

[5] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.  Doc. No. 38.  Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[6] Unless otherwise noted, "the ALJ" refers to the author of the decision under review, ALJ Levin.   *See* R. 1158.

R. 1141.   And after careful consideration of all of the evidence of record, the ALJ

performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a),

416.920(a).   R. 1140–58.[7]

The ALJ found that Claimant met the insured status requirements of the

Social Security Act through September 30, 2013.   R. 1143.   The ALJ also concluded

that Claimant had not engaged in substantial gainful activity since January 21, 2012,

the alleged disability onset date.   *Id.*   The ALJ determined that Claimant has the

following severe impairments:   fibromyalgia, asthma, plantar fasciitis, trochanteric

bursitis, Hepatitis C, a major depressive disorder, and anxiety disorder.   *Id.*   The

ALJ further found that Claimant did not have an impairment or combination of

impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart

P, Appendix 1.   R. 1144–45.   In so finding, the ALJ noted that "[t]he order from the

District Court for the District of Vermont did not take issue with the prior decision's

---

[7] An individual claiming Social Security disability benefits must prove that he or
she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*,
190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step,
sequential evaluation process used to determine whether a claimant is disabled:   (1)
whether the claimant is currently engaged in substantial gainful activity; (2) whether the
claimant has a severe impairment or combination of impairments; (3) whether the
impairment meets or equals the severity of the specified impairments in the Listing of
Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the
claimant can perform any of his or her past relevant work despite the impairment; and (5)
whether there are significant numbers of jobs in the national economy that the claimant
can perform given the claimant's RFC, age, education, and work experience."   *Winschel v.
Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d
1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

consideration of the listed impairments and the prior analysis is largely incorporated and replicated herein."   R. 1144.

Based on a review of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[8] except Claimant:

> [C]ould stand and walk for four hours and sit for six hours in an eight hour workday.   She could occasionally climb stairs and ramps, as well as ladders, ropes, and scaffolds.   She could balance on an unlimited basis, frequently stoop, occasionally kneel, crouch, and crawl.   The claimant could maintain concentration, persistence, and pace for 1–4 step tasks for two hour increments over an eight hour workday and 40 hour workweek.   She could adapt to routine changes in the work setting.

R. 1145–46.

After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was unable to perform any past relevant work as a nurse case manager or RN supervisor.   R. 1156.   However, considering

---

[8] The Social Security regulations define light work to include:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

Claimant's age (a younger individual age 18–49 on the alleged disability onset date), education (at least high school), work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could have performed during the relevant period, representative occupations to include price marker, mail sorter, and electronics assembler.   R. 1156–57.   Accordingly, the ALJ concluded that Claimant was not disabled prior to March 28, 2016, but became disabled on that date and continued to be disabled through the date of the decision.   R. 1157.   The ALJ further concluded that Claimant was not under a disability at any time through September 30, 2013, the date last insured.   *Id.*

## III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to

support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

In the Joint Memorandum, which the Court has reviewed, Claimant raises several assignments of error related to ALJ Levin's October 21, 2020 decision, including that:   (1) ALJ Levin failed to comply with the remand order from the United States District Court for the District of Vermont; (2) remand is required due to an Appointments Clause violation pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), and *Carr v. Saul*, 141 S. Ct. 1352 (2021); (3) the ALJ erred in his consideration of the medical opinions of record; (4) the RFC determination was not supported by substantial evidence because the ALJ failed to properly address Claimant's need for a hand-held assistive device (a cane); and (5) the ALJ erred in failing to properly

consider Claimant's subjective complaints of pain, specifically as it relates to her fibromyalgia-related pain and fatigue.   Doc. No. 38.

Upon consideration, the Court finds Claimant's fourth assignment of error dispositive of this appeal, and that remand of this case is once again warranted on that basis.   However, the Court also addresses Claimant's contentions regarding the ALJ's alleged failure to comply with the prior remand order, as well as the Appointments Clause issue, for the sake of completeness.

A.   The ALJ's Compliance with the Remand Order.

Claimant contends that ALJ Levin failed to follow the remand order of the Vermont district court, in that the district court issued a "clear mandate to the ALJ to properly weigh the medical opinion evidence, as well as reweighing the Plaintiff's allegations and redetermining the RFC."   Doc. No. 38, at 26–27.   But, according to Claimant, on remand, the ALJ instead merely expressed disagreement with the district court's findings as it relates to the medical opinions of record, made findings contrary to those of the district court, and ultimately issued the same rationale previously rejected by the district court.   *Id.* at 29–32.

As it relates to this issue, the following procedural history is relevant. Regarding ALJ Martin's December 19, 2017 decision, the Vermont district court found that the ALJ failed to give good cause reasons for not giving an October 29,

2017 opinion from Dr. Clay controlling weight, finding remand warranted, as follows:

> The ALJ failed to provide good reasons for not giving Dr. Clay's October 29, 2017 opinion controlling weight.  After reviewing NP Shillingford's and Dr. Emerson's RFC recommendations, Dr. Clay determined Plaintiff had chronic fibromyalgia and assessed her as "being below sedentary work capacity[.]"  He described Dr. Dombrowski's findings, acknowledging that a rheumatologist's opinion would be the "most significant" determinant of Plaintiffs disability, and noted that Dr. Dombrowski's description of Plaintiffs symptoms are "typical" of fibromyalgia and chronic fatigue.  He opined that her condition was disabling and had not changed since she first visited his office.   He recommended further evaluation.

> In finding Dr. Clay's opinion insufficient to trigger the treating physician rule, the ALJ did not consider that Plaintiff had been followed in Dr. Clay's office since 2011; that Dr. Clay examined Plaintiff on multiple occasions prior to writing the letter; or that Dr. Clay's opinions encompassed NP Shillingford's RFC Reports, which contained additional details.  In finding that Dr. Clay's opinion was inconsistent with other evidence in the record, the ALJ also relied exclusively on the opinions of non-examining physicians, one of whom, Dr. Swartz, did not review all of the relevant medical records including Dr. Clay's October 29, 2017 opinion.

> A "searching review of the record" does not permit the court to conclude that the "substance of the treating physician rule was not traversed[.]"  Dr. Clay's opinion is consistent with NP Shillingford's and Dr. Emerson's RFC determinations that Plaintiff could not stand for longer than two hours or sit for more than four hours in a workday without experiencing extreme fatigue.  Although Plaintiff often had a normal gait, coordination, sensation, and ability to rise from a chair and get on and off an examination table, she also consistently reported to providers and the consultative examiners that she experienced "significant fatigue" and was in chronic pain.  Dr. Emerson, Dr. Dombrowski, and Dr. Lilly all found upon examination that Plaintiff had multiple myalgias.

> As the ALJ did not provide good reasons for failing to accord Dr. Clay's opinion controlling weight, a remand is warranted. . . .

R. 1216–17 (citations omitted).   The Appeals Council then remanded the case to an ALJ for proceedings consistent with the order of the district court.   R. 1219–22.

On remand, the case was heard by ALJ Levin.   R. 1140–58, 1187–1203.   ALJ Levin states in his decision that he carefully considered the remand order, but concluded that Dr. Clay's opinion could not be given controlling weight.   R. 1146. ALJ Levin gave a robust explanation for this conclusion, which included findings that: (1) Dr. Clay was not a treating provider, having only met with Claimant regarding her chronic conditions on one occasion, and even though the parties did not dispute that he was a treating provider, the ALJ was required to consider the frequency, length, nature, and extent of Dr. Clay's treatment; (2) Dr. Clay's opinion was not entitled to controlling weight because he did not provide a functional assessment of Claimant's abilities and limitations; (3) to the extent that Dr. Clay co-signed ANP Shillingford's opinions, Dr. Clay did so at a time when he had not yet provided any care to Claimant, and in any event, ANP Shillingford's opinions were inconsistent with the medical evidence of record or her own treatment notes; (4) the district court noted that Dr. Clay's opinion was consistent with that of consultative examiner Dr. Emerson, but Dr. Emerson's opinions were inconsistent with the narrative of his own examination of Claimant and the remainder of the evidence of record; (5) upon overall review and full reconsideration of Dr. Clay's opinions in

compliance with the remand order from the District of Vermont, Dr. Clay's opinions were not entitled to controlling weight; and (6) the ALJ did not rely upon the opinions of non-examining state agency consultants (*i.e.*, Dr. Swartz) alone in rendering his decision because the record evidence in totality stood in contrast to the conclusions reached by Dr. Clay, ANP Shillingford, and Dr. Emerson.   R. 1146–53.

"A reviewing court examines *de novo* whether the ALJ has complied with a remand order." *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 (11th Cir. 2019).[9]   An ALJ is required to "take any action that is ordered by the Appeals Council." 20 C.F.R. § 416.1477(b).   "[C]ourts in this Circuit have held that an ALJ's failure to take specific action mandated by the Appeals Council on remand is reversible error because it obviates an ALJ's duty to fully and fairly develop the record." *Ross v. Comm'r of Soc. Sec.*, No. 6:12-cv-959-Orl-22GJK, 2013 WL 5236680, at *3 (M.D. Fla. Sept. 17, 2013).   Moreover, "an ALJ commits legal error by not following the mandate of the court." *Acree v. Comm'r of Soc. Sec.*, No. 6:20-cv-591-EJK, 2021 WL 2853557, at *2 (M.D. Fla. May 7, 2021).

It appears that, in essence, Claimant is suggesting that the ALJ was required on remand to reach a specific result based on the remand order from the district

---

[9] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

court.   *See* Doc. No. 38, at 32.   But the district court gave no such directive.   *See* R. 1216–17.   Upon consideration, the Court agrees with the Commissioner that the ALJ complied with the directives of the Vermont district court's remand order, as well as the order of the Appeals Council, which merely directed the ALJ to reconsider Dr. Clay's opinion (*i.e.*, requiring a "redetermination" as to whether Dr. Clay's opinion was entitled to controlling weight, *see* R. 1218), as well as the other medical opinions of record and Claimant's subjective complaints.   Consequently, Claimant has not established reversible error on this basis.   *See Maxwell*, 778 F. App'x at 803 (finding that, where district court basically remanded for a "do-over" regarding consideration of certain limitations so the district court could "ascertain whether the ALJ's conclusions were rational and supported by substantial evidence," the ALJ complied with the "letter and spirit" of the remand order by engaging in a lengthy discussion regarding those limitations, despite the claimant's disagreement with the conclusions ultimately reached); *Baker v. Comm'r of Soc. Sec.*, No. 5:12-cv-147-Oc-PRL, 2013 WL 12156513, at *3 (M.D. Fla. May 21, 2013) (rejecting argument that the ALJ failed to comply with remand order where the language in the order could "hardly be said to require or compel" what the claimant was arguing it required).   Accordingly, Claimant's contention that ALJ failed to comply with the directives of the remand order is unpersuasive.[10]

---

[10]   The issue of whether the ALJ complied with the remand order is distinct,

B.      <u>Improper Appointment of ALJs</u>.

Claimant's next contention relates to the United States Supreme Court's decision *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), in which the Supreme Court determined that Securities and Exchange Commission ("SEC") ALJs were "inferior officers" subject to the Appointments Clause, and that a party "who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief."   Doc. No. 38, at 40–43.   *See* 138 S. Ct. at 2055 (citation and quotation marks omitted).[11]   "On July 16, 2018, due to the

---

however, from whether the ALJ's findings on remand regarding the medical opinions of record are supported by substantial evidence.  *See Maxwell*, 778 F. App'x at 803 (considering issue of whether the ALJ complied with the remand order separate and apart from the issue of whether the ALJ's decision on remand was supported by substantial evidence).  *Cf. Lewis v. Comm'r of Soc. Sec.*, No. 3:18-cv-411-J-PDB, 2019 WL 4727814, at *2 (M.D. Fla. Sept. 27, 2019) (finding that the ALJ did not fail to comply with the remand order, and therefore, construing the claimant's argument as a challenge to the RFC determination).  Given that, as discussed herein, the Court finds remand warranted on Claimant's fourth assignment of error, the administrative proceedings on remand must necessarily include a reconsideration of the medical opinions of record.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (noting that on remand, the ALJ is required to reconsider medical opinions of record in light of any additional record evidence).  So, as discussed below, the Court declines to opine as to the adequacy of ALJ Levin's consideration of those opinions at this time.

[11]  Claimant also cites *Carr v. Saul*, 141 S. Ct. 1352 (2021), for the proposition that she did not waive her Appointments Clause challenge by failing to raise it during the administrative proceedings.  *See* Doc. No. 38, at 42.   The Court agrees.   "[I]n *Carr v. Saul*, 141 S. Ct. 1352 (2021), the Supreme Court held that Social Security Administration claimants are not required to raise an Appointments Clause claim at the administrative level to preserve it for review in court."   *Raper v. Comm'r of Soc. Sec.*, No. 5:20-cv-597-PRL, 2022 WL 1078128, at *6 (M.D. Fla. Mar. 25, 2022).

potential impact of *Lucia*, the Acting Commissioner [of Social Security] ratified the appointment of the current ALJs." *Raper v. Comm'r of Soc. Sec.*, No. 5:20-cv-597-PRL, 2022 WL 1078128, at *6 (M.D. Fla. Mar. 25, 2022). *See* SSR 19-1p, 2019 WL 1324866 ("To address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of our ALJs and approved those appointments as her own.").[12]

Given that the decision by ALJ Levin was issued on October 21, 2020 and relates to a hearing held on October 1, 2020, Claimant's Appointments Clause challenge is unavailing because ALJ Levin was constitutionally appointed during all relevant aspects of the decision under review. *See, e.g.*, *Raper*, 2022 WL 1078128, at *6 (rejecting similar argument, even where the same ALJ issued an earlier decision in the same case prior to ratification by the Acting Commissioner, where that previous decision was vacated by the Appeals Council after the ratification). *See also Figueroa v. Comm'r of Soc. Sec.*, No. CV 20-346-E, 2022 WL 721283, at *1 n.2 (W.D. Pa. Mar. 10, 2022) (rejecting Appointments Clause challenge where plaintiff contended that he was entitled to have his case assigned to a second, different ALJ on remand because of the decision in *Lucia*); *Camille B. v. Kijakazi*, No. 2:20CV262,

---

[12] "[P]rior to July 16, 2018, Social Security Administration ALJs were hired through a competitive service selection process rather than appointment by an agency head." *See Raper*, 2022 WL 1078128, at *6.

2021 WL 4205341, at *3 (E.D. Va. Sept. 15, 2021) ("The only decision currently under review by this Court is the ALJ's April 2019 merits-based decision, which was made after the ALJ's appointment was ratified by the Acting Commissioner of the SSA. The ALJ was properly appointed during the entire administrative adjudication that this Court is reviewing."); *Govachini v. Comm'r of Soc. Sec.*, No. CV 19-1433, 2020 WL 5653339, at *1 n.1 (W.D. Pa. Sept. 23, 2020) ("This case was not remanded back to the Commissioner by this Court until well after [the ALJ's appointment was ratified]. . . . Accordingly, ALJ Leslie Perry-Dowdell was properly appointed during the entirety of the administrative adjudication of this case after the Court had overturned her earlier decision.").

Claimant in essence argues that because ALJ Levin incorporated findings into his decision by prior ALJs in this matter – ALJs who allegedly may not have been constitutionally appointed – ALJ Levin's October 21, 2020 decision is somehow tainted by said incorporation, and somehow that results in a violation of the Appointments Clause pursuant to *Lucia*.   *See* Doc. No. 38, at 40–43.[13]   Claimant

---

[13] For example, Claimant points to ALJ Levin's notation that "the order from the District Court of Vermont did not take issue with [ALJ Martin's] identification of the claimant's severe impairments," and that the "prior decision's consideration of the listed impairments and the prior analysis [regarding the listed impairments] is largely incorporated and replicated" in ALJ Levin's decision.   *See* Doc. No. 38, at 41–42. Claimant also says that ALJ Levin improperly referenced the psychiatric review technique findings made by ALJ Martin, and referenced those findings in the RFC determination. *See id.* at 42.

notably cites no authority in support of this argument, and absent such authority, or any persuasive argument as to how such alleged incorporation actually tainted ALJ Levin's decision, the Court declines to entertain it.   *See, e.g.*, *Lisa W. v. Kijakazi*, No. 2:20-CV-00590, 2021 WL 6101825, at *10–11 (E.D. Va. Sept. 28, 2021), *report and recommendation adopted,* 2021 WL 5412585 (E.D. Va. Nov. 19, 2021) (rejecting similar argument).

Because Claimant's application was adjudicated after the Acting Commissioner ratified the appointments of the current Social Security Administration ALJs, Claimant's contention that the ALJ was unconstitutionally appointed or was unauthorized to act in this case is unavailing.   *See Raper*, 2022 WL 1078128, at *6.

C.     Claimant's RFC & Need for Assistive Device.

Claimant also argues that the ALJ failed to properly address her need for an assistive device (a cane) "during a substantial portion of the period of time at issue, with regular use from December 2011 through October 2013, and use on some days thereafter."   Doc. No. 38, at 60.   Claimant points to several medical records documenting Claimant's abnormal gait (*see* R. 576, 581–82 (November 2011)), ongoing pain with unsteadiness and falling (*see* R. 571 (December 2011)), and a prescription for a cane "for added stability in walking" in December 2011 by ANP Shillingford (*see* R. 570).   *Id.* at 61.   Claimant acknowledges that her gait was

subsequently documented as normal at times, but that she was also noted to have abnormal and unsteady gait with increased pain, and she was documented using an assistive device.   *Id.* (citing R. 448, 451, 468, 470, 522, 644–45, 648, 744–46). Claimant also acknowledges that Dr. Emerson noted that Claimant did not require an assistive device upon examination, but notes that Dr. Emerson found that Claimant's weakness with standing was "severe enough to affect her balance."   *Id.* at 62 (citing R. 602).   And Claimant acknowledges that by November 2013, treatment records do not document regular use of an assistive device, but she points out that according to ANP Shillingford, Claimant would have good and bad days, and would still need a cane for standing and walking "on some days."   *Id.* (citing R. 703, 704).   So, Claimant says overall, the ALJ erred in failing to assess whether she required an assistive device from 2011 through 2013, and whether she thereafter required use of a cane intermittently.   *Id.*

Upon review, the Court finds Claimant's contentions in this regard well taken.   In their briefing, both parties cite to Social Security Rule 96-9p ("SSR 96-9p") to argue their position as to whether the ALJ failed to adequately address Claimant's need for an assistive device.   *See* Doc. No. 38, at 60–62, 62–64. [14] Pursuant to SSR 96-9p:

---

[14] The Court notes that SSR 96-9p addresses the use of hand-held assistive devices in the context of sedentary work.   *See* SSR 96-9p, 1996 WL 374185 (titled, "Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work –

A finding that a hand-held assistive device, such as a cane, is medically required must be supported by "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374186, at *7. "The adjudicator must always consider the particular facts of a case." *Id.* Additionally, "a prescription or the lack of a prescription for an assistive device is not necessarily dispositive of medical necessity." *Kendrick v. Comm'r of Soc. Sec.*, No. 5:17-cv-244-Oc-18PRL, 2018 WL 4126528, at *3 (M.D. Fla. July 9, 2018) (internal citations omitted) (report and recommendation adopted by 2018 WL 4112832 (M.D. Fla. Aug. 29, 2018)). Under SSR 96-9p, a claimant must present medical documentation (1) establishing her need for a cane or other device and (2) describing the circumstances for which it is needed. *See Kendrick*, 2018 WL 4126528 at *3; *see also Wright v. Colvin*, No. cv-313-079, 2014 WL 5591058, at *4 (S.D. Ga. Nov. 3, 2014). Without that showing, an ALJ is not required to include the use of a cane in a claimant's RFC. *Kendrick*, 2018 WL 4126528 at *3.

However, when the record reflects a purported need for a hand-held assistive device, but the ALJ fails to affirmatively reject the need for such a device, the Court cannot be certain whether the ALJ intended to

---

Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work"). Although several courts have applied SSR 96-9p to cases involving an RFC limited to light work, other courts have questioned whether SSR 96-9p even applies outside of the context of sedentary work. *Compare Ortiz v. Saul*, No. 8:19-cv-199-T-CPT, 2020 WL 1527856, at *4 & n.6 (M.D. Fla. Mar. 31, 2020) (applying SSR 96-9p to light work RFC where the parties did not dispute its applicability, citing cases where other courts applied SSR 96-9p to cases involving RFC limitations to light work), *with Machicote v. Comm'r of Soc. Sec.*, No. 6:20-cv-1907-GKS-EJK, 2022 WL 769997, at *4 (M.D. Fla. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 768017 (M.D. Fla. Mar. 14, 2022) (determining that SSR 96-9p did not apply to cases involving anything other than sedentary work, citing cases). Given that both parties cite and rely upon SSR 96-9p in their briefing, the Court presumes that it applies in this case. *See Ortiz*, 2020 WL 1527856, at *4 (applying SSR 96-9p to case involving RFC limited to light work where the parties did not dispute that it applied, and both parties relied upon it in their briefing). *See also Irwin v. Comm'r of Soc. Sec.*, No. 2:20-cv-230-MRM, 2021 WL 4077586, at *4 (M.D. Fla. Sept. 8, 2021) (finding SSR 96-9p persuasive in case where the claimant's RFC was limited to light work and where both parties relied on the SSR 96-9p in their respective arguments).

recognize it.  *See Drawdy v. Astrue*, No. 3:08-cv-209-J-HTS, 2008 WL 4937002, at *4 (M.D. Fla. Nov. 17, 2008) ("Because the ALJ did not affirmatively reject the need for a cane, the Court cannot be sure whether he intended to recognize it.") (emphasis added); *see also Carter v. Astrue*, No. 3:10-cv-22-J-TEM, 2011 WL 4502024, at *10 (M.D. Fla. Sept. 28, 2011) (remanding with instructions for the ALJ to explicitly consider whether the plaintiff required the assistance of a cane where the ALJ failed to affirmatively reject the plaintiff's alleged need for a cane). *But See Wright*, 2014 WL 5591058, at *3 (finding that by "***affirmatively*** rejecting the need for the cane and giving the reasons based on substantial evidence, the ALJ performed the analysis required [under] SSR 96-9p") (emphasis added) (internal citation omitted).

*See Williams v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-764-J-MCR, 2019 WL 2511592, at *3–4 (M.D. Fla. June 18, 2019).

Here, the ALJ acknowledged that ANP Shillingford opined that Claimant required the use of a cane.  *See* R. 1148, 1149.  The ALJ also noted that in relation to the subsequently approved SSI application, a consultative examination with Dr. Alan Lilly, M.D. on August 12, 2016 (*see* R. 1088) "did not support any need for a cane," although the ALJ ultimately gave said opinion "less than great weight."  *See* R. 1153.  And in determining whether Claimant's impairments met or equaled a listed impairment, the ALJ stated that "[a]t times, [Claimant] used an assistive device but this was not consistently used," and that "she has some gait abnormalities but these do not rise to the level of an inability to ambulate effectively as defined in the regulations."  *See* R. 1144.  But, the ALJ's decision does not otherwise consider or discuss Claimant's use of a cane, or state whether such use

was medically necessary or required during the relevant period of disability.   *See* R. 1140–58.

Upon consideration, given that the record reflects both a prescription for and Claimant's use of a cane, and because the ALJ did not make any findings regarding Claimant's use of a cane during the relevant period, did not make an affirmative determination that Claimant did not require the use of a cane during the relevant period, and did not mention use of a cane in the RFC determination, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence.   *See, e.g.*, *Williams*, 2019 WL 2511592, at *4 (remanding social security appeal involving RFC to perform light work where the ALJ acknowledged the claimant's use of a cane, but failed to specifically discuss whether the cane was medically necessary, and there were multiple references in the record to the claimant's gait and use of a cane, including the claimant's testimony at hearing that she used a cane for balance); *Ortiz v. Saul*, No. 8:19-cv-199-T-CPT, 2020 WL 1527856, at *4 (M.D. Fla. Mar. 31, 2020) (reversing and remanding social security appeal in case involving an RFC limited to light work where the record contained evidence that the claimant used a cane and the ALJ acknowledged such evidence but failed to "expressly address[] and resolv[e] the matter of the [claimant's] purported need for a cane.").   *See also Wood v. Comm'r of Soc. Sec.*, No. 6:20-cv-963-LRH, 2021 WL 2634325, at *7 (M.D. Fla. June 25, 2021) ("[T]he ALJ never affirmatively rejects (or

adopts) Claimant's need to use a cane for ambulation.    Without such a determination, it is not possible for this Court to determine whether the decision is supported by substantial evidence."); *Drawdy v. Astrue*, No. 3:08-cv-209-J-HTS, 2008 WL 4937002, at *4 (M.D. Fla. Nov. 17, 2008) (reversing and remanding where, although the record evidence reflected the claimant's use of a cane, "the ALJ did not affirmatively reject the need for a cane," the court could not "be sure whether [the ALJ] intended to recognize it," and including a restriction in the RFC as to use of a cane could have altered the outcome of the case).

While it may be that that Claimant's use of a cane would not have impacted her ability to perform a limited range of light work during the relevant period, the Court is unable to determine whether that is the case here.[15]   Accordingly, and for

---

[15] The Court notes that the Commissioner appears to be arguing that Claimant's prescription for a cane preceded the alleged disability onset date, and the record does not reflect use of the cane during the relevant period, *i.e.*, before Claimant's date of last insured. Doc. No. 38, at 63.   However, the record does reflect Claimant's use of or need for a cane on August 13, 2012 (R. 522), as well as in January, February, and April 2013 (R. 448, 451, 644–45, 648) which dates fall after the disability onset date (January 21, 2012) and before the date last insured (September 30, 2013), rendering the Commissioner's argument inapposite, given that those dates fall within the relevant period at issue.

The Commissioner also appears to suggest that although APN Shillingford prescribed the cane and said that Claimant needed it, the record does not support APN Shillingford's findings in this regard.   *See* Doc. No. 38, at 63–64.   The Commissioner is essentially inviting the Court to reweigh the evidence by *post hoc* rationalization, which the Court declines to do.   *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (a court will not affirm based on a *post hoc* rationale that "might have supported the ALJ's conclusion" (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984))).   *See also Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the

these reasons, the Court must reverse.   *See Williams*, 2019 WL 2511592, at *4; *Ortiz*, 2020 WL 1527856, at *4; *Drawdy*, 2008 WL 4937002, at *4.

    D.    Remaining Assignments of Error & Remand.

    As set forth above, Claimant also argues that the ALJ's findings regarding the medical opinions of record (Dr. Gary A. Clay, M.D., APN Amelia Shillingford, Dr. Luther Emerson, M.D., and Dr. Donald Swartz, M.D.) are not supported by substantial evidence, and that neither is the ALJ's decision with regard to Claimant's subjective complaints of pain related to her fibromyalgia or fatigue.   *See* Doc. No. 38, at 46–55, 64–68.   Given that remand is warranted on the issue of the ALJ's RFC determination because the ALJ did not adequately address the necessity for Claimant's use of a cane, which might affect the ALJ's ultimate RFC determination,[16] the ALJ will necessarily also have to address the medical and opinion evidence of record on remand.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (noting that on remand, the ALJ is required to reconsider medical opinions of record in light of any additional record evidence). *See also Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 857 (11th Cir. 2018)

---

[Commissioner].'").

    [16] In remanding this matter for further administrative proceedings, the Court expresses no opinion regarding Claimant's eligibility for benefits during the period at issue, nor is the Court suggesting that the ALJ reach any particular conclusion on remand.

(where errors might have affected the RFC determination, the ALJ was required to reassess RFC on remand, as well as conclusions at steps four and five of the sequential evaluation process).   The Court therefore declines to address these remaining issues at this time.   *See Diorio*, 721 F.2d at 729; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).[17]

## V.    CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.    The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.    The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

---

[17] As a final matter, the Court notes that Claimant does not ask that the Court find that she is entitled to an award of benefits, due to evidence establishing disability beyond doubt, an injustice, or otherwise.   *See* Doc. No. 38, at 71.   *See also Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (discussing standards).   Instead, Claimant solely requests that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a de novo hearing.   *See* Doc. No. 38, at 71.   The Court thus declines to address that issue or find an award of benefits warranted at this time.   *Cf. Stewart*, 746 F. App'x at 857 (finding the claimant abandoned the request for the Court to directly award her benefits without setting it forth as a separate issue in her briefing, and in any event, by failing to show that the record evidence established disability without a doubt).

**DONE** and **ORDERED** in Orlando, Florida on May 23, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties