# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LORRI PORTLAND PAGE,

        Plaintiff,

v.                                     Case No:   6:21-cv-258-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 41)** |
| **FILED:** | **August 22, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.     BACKGROUND

Plaintiff Lorri Portland Page instituted this action on February 6, 2021, challenging the denial of her applications for disability insurance benefits and supplemental security income benefits by the Commissioner of Social Security (the

"Commissioner").    Doc. No. 1.    Plaintiff's case has a lengthy and complex procedural history and has been subject to two prior remands while the case was pending in the United States District Court for the District of Vermont.   *See* Doc. No. 39, at 2-6.   In the present case, which followed a third ALJ final decision, Plaintiff raised five assignments of error:    (1) that the ALJ failed to comply with the District of Vermont's remand order; (2) that remand was required due to an Appointments Clause violation; (3) that the ALJ erred in his consideration of the medical opinions of record; (4) that the Residual Functional Capacity ("RFC") determination was not supported by substantial evidence because the ALJ failed to properly address Plaintiff's need for a hand-held assistive device (a cane); and (5) that the ALJ erred in failing to properly consider Plaintiff's subjective complaints of pain.   Doc. No. 38.

On May 23, 2022, the Court entered a Memorandum of Decision reversing and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. No. 39.   The Court found that Plaintiff's fourth assignment of error, which related to her use of a cane, was determinative, rejected Plaintiff's arguments with respect to the Appointments Clause and the District of Vermont remand, and declined to address Plaintiff's remaining arguments, because the ALJ will necessarily have to address on remand the entire medical and opinion evidence

- 2 -

of record.   *Id.*   Judgment was entered in favor of Plaintiff and against the Commissioner on May 24, 2022.   Doc. No. 40.

Now before the Court is Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), filed on August 22, 2022.   Doc. No. 41.   Plaintiff seeks $15,931.91 in attorneys' fees for a total of 72.15 hours of attorney time.   *Id.*   In response, the Commissioner requests that the motion be denied, arguing that her position was substantially justified, and that there was a reasonable basis both in law and in fact for her position in this case.   Doc. No. 42. In the alternative, the Commissioner argues that the Court should not award the full amount of attorney's fees requested because Plaintiff's counsel did not reasonably expend all their claimed hours.   *Id.*   In an authorized reply, Plaintiff argues that the Commissioner has failed to show that her position was substantially justified.   Doc. No. 47.   Plaintiff also contends that the fees sought by her attorneys are not excessive and seeks an additional $1,776.61 for 7.8 hours spent in preparing her reply.   *Id.*   Upon consideration, the Court agrees with the Commissioner and will deny the motion for fees in its entirety.

## II.   ANALYSIS

A party may recover an award of attorney fees against the government provided that the party meets five requirements:   (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized

justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2). Of these five requirements, the parties only dispute whether the Commissioner's position was substantially justified. Doc. Nos. 41, 42, 47.

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (quoting *United States v. Douglas,* 55 F.3d 584, 588 (11th Cir. 1995)). The burden of proof rests with the Commissioner. *See id*. Nonetheless, neither the outcome of the underlying litigation nor the actual correctness of the Commissioner's position is dispositive of whether the Commissioner's position can be deemed substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988). Further, in considering fee petitions under the EAJA, courts analyze whether the Commissioner's position was substantially justified in the case as a whole rather than on an issue-by-issue basis. *See, e.g., Miccosukee Tribe of Indians of Fla. v. United States*, No. 04-21448-CIV, 2010 WL 9034623, at *3 (S.D. Fla. Mar. 15, 2010) (citing *INS v. Jean*, 496 U.S. 154, 154 (1990)) (rejecting a piecemeal approach to determining whether the Commissioner's position is substantially justified); *Williams v. Astrue,*

- 4 -

595 F. Supp. 2d 582, 586 (E.D. Pa. 2009) (adopting a "totality of the circumstances" analysis in determining whether the Commissioner was substantially justified in its general support of the ALJ); *see also Jones*, 125 F.3d at 1427–31.   Factors considered, but not individually dispositive, include: the state at which the litigation was resolved; views expressed by other courts on the merits; the legal merits of the government's position; the clarity of the governing law; the foreseeable length and complexity of the litigation; and the consistency of the government's position.   *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990).   "The fact that the government lost its case does not raise a presumption that the government's position was not substantially justified.   Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing."   *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted).

Plaintiff argues that the Commissioner fails to show that her position was substantially justified in both law and fact at both the administrative and court stages of adjudication.   Doc. No. 47, at 2 (citing *Pierce*, 487 U.S. at 565; *Jean*, 496 U.S. at 158 n.6; 28 U.S.C. § 2412(d)(2)(D)).   On the other hand, the Commissioner contends that the reasonableness of her position and defense of the case is demonstrated by (1) the plain language of SSR 96-9p regarding a claimant's burden to establish the medical necessity for an assistive device; (2) the lack of binding

precedent or persuasive authority in Eleventh Circuit case law on the issue on which the Court remanded this case; and (3) persuasive authority from both the Middle District of Florida and other districts in the Eleventh Circuit that support the Commissioner's position.   Doc. No. 42, at 3-10.   The Commissioner specifically argues that, because SSR 96-9p is a policy interpretation ruling on the impact of an RFC assessment for less than a full range of sedentary work on an individual's ability to do other work, the Commissioner reasonably defended this case, as the ALJ limited Plaintiff to less than light work, not sedentary.   *Id.* at 4.   But even if SSR 96-9p did apply in this case, the Commissioner argues that the ALJ was not required to make an explicit finding whether an assistive device was medically necessary but rather only to consider evidence related to Plaintiff's use of an assistive device.   *Id.* at 5.

The Court does not find the Commissioner's arguments relating to the application of SSR 96-9p to be persuasive, as the Commissioner never challenged the applicability of the ruling in this case until the present fees dispute.   To the contrary, the Commissioner cited this very ruling in her portion of the Joint Memorandum, and simply argued that the ALJ complied with it.   *See* Doc. No. 38, at 62-64.   The Court noted this fact in the Memorandum of Decision.   Doc. No. 39, at 21, n.14.

However, the Court is persuaded by the Commissioner's other arguments concerning the ALJ's consideration of whether Plaintiff required use of a cane.   In remanding the case, the Court found that the record reflected both a prescription for and Plaintiff's use of a cane, but the ALJ failed to make any findings regarding her use of a cane during the relevant period, did not determine that she did not need to use a cane during the relevant period, and did not mention the use of a cane in the RFC determination.   Doc. No. 39, at 24.   Given the ALJ's lack of discussion of a cane, the Court was unable to determine whether substantial evidence supported the ALJ's decision, and the Court remanded for further proceedings.   *Id.* at 24-26.   The Court did not make an affirmative ruling related to Plaintiff's use of cane, and did not hold that the Commissioner's interpretation of the law was in error, but merely held that "[w]hile it may be [that Plaintiff's] use of a cane would not have impacted her ability to perform a limited range of light work during the relevant period, the Court is unable to determine whether that is the case here."   *Id.* at 25.

The Court notes that "[s]imply because the government lost its case does not raise a presumption that the government's position was not substantially justified." *Eubanks-Carswell v. Saul*, No. 8:18-cv-1238-T-AAS, 2019 WL 6769856, at *2 (M.D. Fla. Dec. 12, 2019) (citing *White*, 740 F.2d at 839).   The Commissioner reasonably defended the ALJ's failure to make an affirmative determination of Plaintiff's need

to use a cane or to explain why a cane limitation was omitted from the RFC assessment by arguing that Plaintiff did not use a cane until January 2013 and that medical records showed that her treating sources thereafter did not believe that she needed to use one (Doc. No. 38, at 63-64).   *See Palmer v. Comm'r of Soc. Sec.*, No. 19-11020, 2021 WL 3857441, at *4 (E.D. Mich. Aug. 30, 2021) (in determining that Commissioner's position was substantially justified, court found that Commissioner reasonably defended ALJ's failure to explain why a cane limitation was omitted from RFC assessment because claimant's testimony indicated limited use of a cane and medical records indicated claimant's ability to ambulate normally; there also was no evidence of record that clearly showed that claimant's use of a cane precluded light work with a sit-stand option).   Moreover, the Court notes that it did not remand this case for an award of benefits, and it still may be the case that the ALJ was correct to omit a cane limitation from the RFC assessment.   Doc. No. 39, at 24-26.[1]

Although the record could have supported the ALJ's RFC assessment, the Court merely found that the ALJ did not adequately explain it.   *See id.* at 23-24, 25. "[T]he failure of an ALJ to adequately articulate reasons for making certain findings

---

[1] And as the Court noted in the Memorandum of Decision, Plaintiff herself did not seek an award of benefits as relief, but rather asked that the case be remanded for further proceedings.   Doc. No. 39, at 27, n.17 (citing Doc. No. 38, at 71).

does not equate to the Commissioner's position in denying benefits being indefensible." *Richardson v. Kijakazi*, No. 20-14235-CIV, 2022 WL 4379597, at *3 (S.D. Fla. Sept. 22, 2022) (citing, *inter alia*, *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726–27 (6th Cir. 2014)).   Furthermore, given the courts' divergent applications of SSR 96-9p to RFCs greater than sedentary work and the authority cited by the Commissioner in her response (Doc. No. 42, at 7-9), "reasonable minds could differ as to the correct outcome of the case." *Molina v. Comm'r of Soc. Sec.*, 750 F. Supp. 2d 1341, 1345 (M.D. Fla. 2010).   And the Court notes that Plaintiff has not cited to any decisional authority – either in her motion or in her reply – to support her argument that the Commissioner was not substantially justified in its arguments relating to Plaintiff's use of a cane.   *See* Doc. No. 41-2 at 2-5 (citing cases on the general law defining "substantially justified," and then quoting sections of the Court's Memorandum Decision); Doc. No. 47, at 2-6 (arguing that the procedural history and the decision in this case demonstrate a lack of substantial justification, but citing no case law in support, limiting case citations to those discussing whether the "totality of the circumstances" or "issue counting" is used to assess "substantially justified").[2]

---

[2] While Plaintiff takes pains to note the lengthy procedural history of this case, she provides no decisional authority to support a finding that a lack of substantial justification can be found simply because a case is remanded more than once.   In the absence of any

Accordingly, upon consideration, the Court finds that Commissioner's position was substantially justified in this case. *See Molina*, 750 F. Supp. 2d at 1345–46 (finding the Commissioner's position substantially justified where reasonable minds could differ on the correct outcome of the case, and evidence existed in the record to support the decision but the ALJ's analysis was lacking); *Barry v. Comm'r of Soc. Sec.*, No. 2:19-cv-510-JLB-NPM, 2022 WL 5250189, at *4 (M.D. Fla. July 22, 2022) (finding the Commissioner's position substantially justified "given the then-existing guidance and case law"), *report and recommendation adopted*, 2022 WL 5243128 (M.D. Fla. Oct. 6, 2022).

Given that the Court finds that the Commissioner' position was substantially justified, Plaintiff's Petition for Attorney Fees (Doc. No. 41) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2023.

Leslie Hoffman Price
_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

_____

such authority, and particularly given Plaintiff's own request to remand the case for additional review, the Court finds this argument unpersuasive.