# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LORRI PORTLAND PAGE,

        Plaintiff,

v.     Case No:   6:21-cv-258-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR REHEARING OF ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 49)**
>
> **FILED:** September 5, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff Lorri Portland Page instituted this action on February 6, 2021, challenging the denial of her applications for disability insurance benefits and

supplemental security income benefits by the Commissioner of Social Security (the "Commissioner"). Doc. No. 1. On May 23, 2022, the Court entered a Memorandum of Decision reversing and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 39.[1] Specifically, the Court found that the Administrative Law Judge ("ALJ") failed to properly address in his decision Plaintiff's need for a hand-held assistive device (a cane), and given this lack of discussion, the Court was unable to determine whether the ALJ's decision was supported by substantial evidence, and therefore reversal was warranted. *Id.*, at 20–26. Notably, the Court did not hold that the ALJ erred in his overall determination, but merely that the ALJ did not properly explain himself, and therefore the Court could not assess whether or not the ALJ committed a substantive error. The Court did not address any of Plaintiff's other arguments, other than finding unpersuasive Plaintiff's contentions that the ALJ failed to comply with the directives of a prior remand order and that the ALJ was unconstitutionally appointed. *Id.*, at 12–20. Judgment was entered in favor of Plaintiff and against the Commissioner on May 24, 2022. Doc. No. 40.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 22, 29–30

On August 22, 2022, Plaintiff filed a Petition for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), seeking $15,931.91 in attorneys' fees for a total of 72.15 hours of attorney time. Doc. Nos. 41, 47. On August 7, 2023, after permitting additional briefing, the Court denied Plaintiff's request for attorneys' fees under the EAJA because the Court concluded the Commissioner's position was substantially justified. Doc. No. 48. In so doing, the Court stated that "[a]lthough the record could have supported the ALJ's RFC assessment, the Court merely found that the ALJ did not adequately explain it," and the failure of an ALJ to make adequate findings does not equate to an indefensible position. *Id.*, at 8–9.

Now before the Court is Plaintiff's Motion for Rehearing or Reconsideration of Order Denying Plaintiff's Petition for Attorney Fees, which Plaintiff brings under Federal Rule of Civil Procedure 59(e). Doc. No. 49. Plaintiff contends that the Court committed "errors of fact and law" in denying Plaintiff's request for EAJA fees. *Id.* The Commissioner opposes, arguing that Plaintiff has failed to identify any manifest errors of law or fact, but instead is simply seeking to relitigate her case.[2] Doc. No. 50.

---

[2] The Court notes the Commissioner filed her response to Plaintiff's motion on October 2, 2023, outside the 21-day period provided by Local Rule 3.01(c) for responding to motions filed under Federal Rule of Civil Procedure 59(e), and the Commissioner never

- 3 -

Upon review, the Court finds that Plaintiff has failed to satisfy the standards for reconsideration under Rule 59(e), and Plaintiff's motion (Doc. No. 49) will be denied.

## II.     ANALYSIS

Both Plaintiff and the Commissioner apply Fed. R. Civ. P. 59(e) to the present dispute, however neither side provides any legal authority establishing that Rule 59(e) — which addresses motions to alter or amend a *judgment* — governs reconsideration of orders relating to a post-judgment award (or denial) of fees. *See* Doc. Nos. 49–50. And the Court questions whether Rule 59(e) is the appropriate vehicle for Plaintiff's motion. *See, e.g.*, *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982) ("[A] request for attorney's fees under [42 U.S.C.] § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply."); *Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1326 (11th Cir. 2023) ("as a general matter, a request for attorney's fees is not part of the merits of the underlying action," so "a request for attorney's fees . . . [is] not a Rule 59(e) motion.") (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175

---

sought leave to late-file her response.   Nevertheless, given the lack of objection by Plaintiff to this late filing, and because even without the Commissioner's response Plaintiff's motion for reconsideration remains unpersuasive, the Court has elected not to strike the late response.

(1989)); *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980) ("Thus, a motion for attorney's fees is unlike a motion to alter or amend a judgment.  It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e).").

On the other hand, it appears that some courts, both within this Circuit and others, have applied Rule 59(e) to motions seeking to challenge awards or denials of post-judgment attorney's fees.  *See, e.g.*, *U.S. ex rel. Hydrograss Techs., Inc. v. Lodge Const., Inc.*, No. 2:13-cv-26-FtM-29CM, 2014 WL 5529288, at *1 (M.D. Fla. Oct. 31, 2014) (addressing under Rule 59(e) motion for reconsideration of order denying motion for attorney's fees); *Citron v. Wachovia Mortg. Corp.*, No. 8:10-cv-1790-T-26TBM, 2013 WL 12366625, at *1 (M.D. Fla. Apr. 19, 2013) (same); *Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007) (addressing a motion to alter or amend judgment filed under Rule 59(e) challenging an order denying EAJA fees in a social security disability benefits appeal); *McDonald v. Kijakazi*, 645 F. Supp. 3d 902 (S.D. Iowa 2022) (applying Rule 59(e) to a motion seeking reconsideration of an order granting attorney's fees under 42 U.S.C. § 406(b)); *Holmes v. Berryhill*, No. CV 19-784, 2020 WL 12689627, at *1 (E.D. Pa. July 9, 2020) (considering under Rule 59(e) motion for reconsideration of order denying motion for EAJA fees in social security appeal). *Cf. McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1020–21 (11th Cir. 1992) (finding that a Rule 59(e) motion to alter or amend an order awarding

attorney's fees tolled the time to file an appeal); *Walker v. Yamaha Motor Co.*, No. 6:13-cv-1546-Orl-37GJK, 2015 WL 3562736, at *1 (M.D. Fla. June 5, 2015) (applying same standards applicable under Rule 59(e) to motion for reconsideration of a pretrial order denying extensions of case management deadlines). In light of this persuasive authority, and given that both sides here apply Rule 59(e), the Court will also address Plaintiff's motion under Rule 59(e).

"[R]econsideration of a judgment pursuant to Rule 59(e) . . . is 'an extraordinary remedy which should be used sparingly.'" *Barbee v. Berryhill*, 350 F. Supp. 3d. 1209, 1212 (N.D. Ala. 2018) (citing *Daker v. Warren*, No. 10-3815, 2012 WL 2403437, at *4 (N.D. Ga. June 25, 2012)) (applying Rule 59(e) to motion for reconsideration of EAJA fees order). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). *See also Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL

10100424, at *2 (M.D. Fla. Aug. 23, 2016) ("Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice." (citing *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006), *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 F. App'x 879 (11th Cir. 2007)). "A Rule 59 motion cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (citing *Michael Linet, Inc. v. Vill. Of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Plaintiff does not argue that there is an intervening change in controlling law, or that newly discovered evidence justifies reconsideration of the Court's order denying EAJA fees. *See* Doc. No. 49. Instead, Plaintiff "is pointing out the Court's errors of fact and law," which Plaintiff contends justify reconsideration. *Id.*, at 2. Specifically, Plaintiff contends that the Court: (1) issued conflicting findings regarding Plaintiff's use of a cane; (2) focused on the arguments made in support of denying fees instead of the Commissioner's actual litigation position; (3) relied on factually distinguishable cases to support the finding that the Commissioner's position was substantially justified; and (4) placed undue reliance on the fact that this Court remanded for further proceedings instead of for an award of benefits. *Id.*, at 2–9. Upon consideration of Plaintiff's arguments, the Court finds that

contrary to Plaintiff's assertions, the motion for reconsideration is in reality an attempt to relitigate matters and/or disagree with the Court's prior Order, does not identify any manifest errors of law or fact, and at times misconstrues the Court's findings.   As such, the motion for reconsideration is due to be denied.

For example, Plaintiff's first argument regarding her use of a cane is both a misinterpretation of the Court's Order denying EAJA fees and an attempt to relitigate matters previously addressed.   The Court was merely summarizing the Commissioner's position, not making factual findings — as Plaintiff incorrectly argues.   *See* Doc. No. 49, at 2–4; Doc. No. 48, at 8.   The remainder of Plaintiff's argument on this point seems to be an attempt to relitigate issues in the underlying decision reversing and remanding to the Commissioner.   Doc. No. 49, at 2–4.

Plaintiff's second argument also misconstrues the Court's August 7, 2023 Order.   *Id.*, at 4–7.   The Court specifically rejected the Commissioner's belated arguments with respect to SSR 96-9p that were first raised in the Commissioner's opposition to EAJA fees, because the Commissioner took a contrary position in the underlying disability benefits appeal.   Doc. No. 48, at 6.   There was no reliance on any post-hoc rationalizations, and in fact the Court noted in the Memorandum of Decision that there are divergent opinions concerning the application of SSR 96-9p. *See* Doc. No. 39, at 21, n. 14.   Simply recognizing that the law is not settled on this

issue does not constitute a manifest error of law or fact justifying reconsideration. *Id.*

Similarly, Plaintiff also misconstrues the Court's August 7, 2023 Order in her third argument. Plaintiff claims that the Court relied on factually distinguishable legal authority. Doc. No. 49, at 7–8. That the Court did not do. Rather, the Court cited to the legal authority Plaintiff takes issue with for the general law and propositions contained therein, not as binding authority that was squarely on all fours with the present case. *See* Doc. No. 48, at 8–10. And in any event, Plaintiff fails to explain how relying on cases that are not on all fours factually constitutes a manifest error of law or fact as opposed to simply relitigating a position and/or disagreeing with the Court's decision. *See Hollinger v. Hartford Fire Ins. Grp.*, No. 6:11–cv–59–Orl–19TBS, 2013 WL 12091688, at *3 (M.D. Fla. May 13, 2013) (denying Plaintiff's motion for reconsideration in part on grounds that Plaintiff's argument that certain cases were factually distinguishable "fail[ed] under the law and the record evidence," as "the Court [was] not persuaded that the case law cited in its [] Order is inapplicable as [Plaintiff] contends."); *Fuller v. Tesemma*, No. CIV.A. 09-0839-WS-N, 2014 WL 1400367, at *2 (S.D. Ala. Apr. 10, 2014) ("A dissatisfied federal litigant is not entitled to reconsideration of anything and everything, merely because he disagrees with a court's ruling.").

Last, Plaintiff's argument that the Court unduly relied on the fact that the Court did not remand for an award of benefits is unpersuasive. Plaintiff provides no legal authority to support this position, and the one unpublished district court case she does reference is itself both non-binding and factually distinguishable. Doc. No. 49, at 8–9. In other words, Plaintiff is once again taking issue with the Court's analysis and ruling, but fails to satisfy the high standard of proving manifest error in law or fact. *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) ("The extremely limited nature of the Rule 59(e) remedy cannot be overstated . . . [t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the court was required to grant the motion.") (citations and internal marks omitted); *Haliburton v. Dixon*, No. 3:21-cv-625-MMH-LLL, 2023 WL 34711, at *1 (M.D. Fla. Jan. 4, 2023) (denying motion for reconsideration where the movant disagreed with the Court's ruling and requested a favorable ruling "but not for any basis which might fall under Rule 59(e).").

For these reasons, Plaintiff's motion for reconsideration (Doc. No. 49) is **DENIED**. *See Adams v. Boeneman*, 335 F.R.D. 452, 455 (M.D. Fla. 2020) ("Plaintiffs merely disagree with the Court's analysis and re-hash previous arguments. This is not a basis for reconsideration.").

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2024.

Leslie Hoffman Price
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties